# H. V. GROSCH, Complainant,

*v.*

# CENTRAL VANNINA, Inc., Dft.

San Juan, Equity, No. 945.

PLEA TO JURISDICTION.

Jurisdiction—Conflict.

1. Jurisdiction embraces subject-matter and parties. The subject-matter must be within the powers conferred by law upon the court, and the parties must be within the territorial limits of the court. The fact that the same matter is brought in two different courts does not affect the question of jurisdiction.

Plea or Motion.

2. The court may, in its discretion, consider a plea to the jurisdiction as a motion raising a similar point in order to expedite a case.

Receivers—Appointment.

3. A court may, upon its discretion, appoint receivers *ex parte* in a pressing case.

Receivers—Defendant's Preference.

4. A defendant has no right to the choice of a receiver. The object of a receivership is to take the property out of the hands of one who does not administer it properly.

Receivership—*Res.*

5. Having jurisdiction of the parties and the subject-matter and the possession of the *res*, a court will, through its receivers, retain possession until shown that the possession should go elsewhere. It will not turn adrift property in its hands for a scramble among creditors.

Opinion filed May 4, 1914.

NOTE.—As to receiver's right of possession as affected by the time of appointment, giving bond, and taking possession, and as to questions between state and Federal courts, see note in 20 L.R.A. 393.

Grosch v. Central Vannina.

*Mr. Francis E. Neagle* for complainant.

*Mr. Jorge Dominguez* for defendant company.

HAMILTON, Judge, delivered the following opinion:

On April 21, 1914, the bill to enforce a claim for oils was filed in this court at ten minutes after 12 o'clock, noon, and upon consideration the court made an order *ex parte* appointing receivers, and about 3 o'clock in the afternoon process was served upon the defendant and the receivers took charge of the property. The defendant company then immediately appeared specially in this court and filed a plea to the jurisdiction, alleging that prior jurisdiction had been obtained by a local court.

Meanwhile, somewhat corresponding steps were being taken in the insular district court at San Juan. About twenty minutes before 12 o'clock, noon, of the same day, a petition was filed in this local court by Sucs. de Abarca S. en C., as a common creditor, seeking to enforce a debt against the Central Vannina, and also asking a receivership. It is claimed that process upon this petition was served upon the defendant at 12 o'clock, and certainly before 1 o'clock, and defendant before 2 P. M. filed an answer confessing the petition. Shortly after 2 o'clock in the afternoon the local court made an order appointing an hour the next day, so that that court might "proceed to appoint a receiver." When, on the next day, it was called to the attention of the local court that the Federal receivers were already in charge, the local court suspended action until the Federal court should act. Such is the present situation.

Grosch v. Central Vannina.

These steps were taken in each court with entire ignorance of what was going on in the other court until the Federal receivers took possession as above. The steps taken are not only parallel in point of time, but interlock so as to make it a somewhat intricate problem to determine which court first took jurisdiction.

1. The pleading immediately before this court is what is called a plea to the jurisdiction filed by the defendant, the Central Vannina. Has this court, therefore, jurisdiction?

Jurisdiction is defined as the power to hear and determine a cause. Bouvier's Law Dict., s. v.; Crignon v. Astor, 2 How. 338, 11 L. ed. 290; United States v. Arredondo, 6 Pet. 709, 8 L. ed. 554. It involves ordinarily the question of person and subject-matter. If the subject-matter is within the powers conferred by law upon the court, the court has jurisdiction thereof, and in ordinary suits it is also necessary that the court have jurisdiction of the parties, that is, that the plaintiff and defendant must be within the territorial limits of the court. A suit ordinarily is not within the range of action of a court until both jurisdictions are acquired, to wit, of the parties and of the subject-matter. There can be no question that this court has jurisdiction in this case of the complainant, who is a German citizen, the defendant, which is a local corporation, and of the subject-matter, which is the marshaling of the assets of a corporation temporarily in difficulties, for the purpose of preserving them, and, if insolvency appear, of making *pro rata* distribution. This all follows from the constitution of a Federal court of equity. The bill was duly filed, duly served, receivers duly appointed, and the property is in their charge. It is difficult to see in what element the jurisdiction

of this court is wanting. Certainly none has been called to the attention of the court· The plea sets up, however, that pro-ceedings have been begun in another court, but this would be immaterial. The same matter may be pending even between the same parties in different courts, or even in the same court. The only result would be that in the latter instance the de-fendant would have the right to compel the plaintiff to elect, and in any case the courts would see that there is only one execution. It has been expressly held that the same proceeding may be pending both in the United States and the state courts. Gilmour v. Ewing, 50 Fed. 656. The plea therefore is bad.

2. For the purpose of expediting matters, the court was willing, however, to consider this plea as a motion, or as ex-pressed in any other form which would properly raise the ques-tion whether this court should go on under the circumstances, and it will therefore proceed to discuss that question.

3. In the argument it was alleged that this court had no right to appoint receivers *ex parte*. This, however, is incorrect. This is common practice in a pressing case. Bouvier's Law Dict., s. v. A bill was filed in this case and upon the showing made it was thereupon determined by the court that receivers should be appointed and they were accordingly appointed. They qualified at once and went into possession of the prop-erty. Whether the case was such as to justify an *ex parte* appointment is a matter for the discretion of this court, and this court sees no reason to change its ruling as to that point.

4. The proceeding set up in the plea or motion seems to have been brought by some other creditor against this defend-ant, and this defendant within an hour after service filed an answer admitting the allegations of that petition and consent-

Grosch v. Central Vannina.

ing to a receivership. The allegations of insolvency and the like being thus admitted, it is difficult to see in what way this defendant is injured by the appointment of receivers in this court. The only ground for such a contention would be that the defendant has the right to choose receivers. He certainly has no right to choose as between the courts, and he has no more right to choose as between receivers. The object of a receivership is to take the property out of the hands of a defendant who is unable to administer it properly. Friendly receiverships are discouraged by law.

5. The defendant, therefore, cannot raise the question which he seeks to raise as between the jurisdictions of the two courts. So that the question of conflict of jurisdiction, if there be any, can only be presented by the party plaintiff or by some officer representing the other court. This court certainly has jurisdiction of the *res* and cannot turn it adrift. If both of these proceedings are of the same character, they must be either *in rem* or *in personam.* If *in personam,* it is immaterial what is done in another court. If both are *in rem,* the court first acquiring possession will be preferred. Heidritter v. Elizabeth Oil Cloth Co. 112 U. S. 294, 28 L. ed. 729, 5 Sup. Ct. Rep. 135. And until this point shall come up in some proper way, this court will retain possession of the *res.* The defendant being unable to take care of it by its own confession, the property would otherwise be left for a scramble of creditors. This court will not permit such a result. Having jurisdiction of the parties, the subject-matter, and the possession of the *res,* it will, through its receivers, retain possession until shown in some proper way that the possession should go elsewhere. There are at present no representatives of another jurisdiction.

Grosch v. Central Vannina.

If there should be such, and they should appear, the court will hear their application fully. Anything which might be said at this time as to rights of such officers who have not been appointed would be *obiter dictum.* A court will not decide as to issues and parties not before it.

All the court will say at present is that its officers are in proper possession of the property, and should proceed to carry out the previous orders of this court. The plea is overruled, and, regarded as a motion, it .is denied.